UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AUTO-OWNERS INSURANCE
COMPANY,

    Plaintiff,

vs.                                    Case No.

CHC VI, LTD. and STEVEN FOSTER,
on behalf of himself and others similarly situated,

    Defendants.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff AUTO-OWNERS INSURANCE COMPANY sues Defendants CHC VI, LTD. and STEVEN FOSTER, on behalf of himself and others similarly situated, and alleges as follows:

1.    This is an insurance coverage action seeking declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

2.    Plaintiff AUTO-OWNERS INSURANCE COMPANY ("AUTO-OWNERS") is a foreign insurance corporation, incorporated in the State of Michigan, with its principal place of business in Lansing, Michigan, authorized to do and doing business in the State of Florida.

{01114171-3 }

3. Defendant CHC VI, LTD. ("CHC VI") is a Florida limited partnership with its principal place of business in Lakeland, Florida, and its sole partner/general partner is Century Properties MHP, LLC ("Century Properties"), is a Florida limited liability company with its principal place of the business in Lakeland, Florida. Century Properties' members, William D. Drost, Benjamin D. Falk, and James Brian Altman, are adult individuals residing in Polk County, Florida and are citizens of the state of Florida.

4. Defendant STEVEN FOSTER ("FOSTER") is an adult individual residing in Polk County, Florida and is a citizen of the state of Florida.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship among the parties and the amount in controversy, exclusive of fees and costs, is in excess of seventy-five thousand dollars ($75,000).[1]

6. This action is brought pursuant to 28 U.S.C. §2201(a), which provides for this Court to adjudicate a party's rights and other legal relations in an actual controversy.

---

[1] As more thoroughly set forth herein, FOSTER's claim is advanced on his own behalf, as well as on behalf of multiple other residents in "Angler's Glenn", for damages including remediation of land on which multiple mobile homes and/or other structures are presently located, as well as prolonged medical monitoring. The monetary value of the object of FOSTER's suit from his perspective far exceeds $75,000. In addition, the subject policy provides $1,000,000 per occurrence limits and AUTO-OWNERS' costs for providing a defense also will exceed $75,000.

{01114171-3}                                    2

7. Venue is proper in this Court pursuant 28 U.S.C. §1391 because both defendants are residents of the State of Florida and both defendants reside in this district, the underlying litigation addressed herein was brought in this district, and all matters concerning the causes of action alleged in the underlying litigation arose in this district.

8. All conditions precedent to this action have been performed by AUTO-OWNERS or have otherwise occurred, been waived, discharged or legally excused.

9. At all times material hereto AUTO-OWNERS insured CHC VI under a Commercial General Liability policy (the "Policy"). True and correct copies of the Policy with effective dates of January 5, 1987 through January 5, 2006 are attached hereto and made a part hereof as Composite Exhibit "A".

10. FOSTER, on behalf of himself "and all others similarly situated" filed suit against CHC VI in case number 20-CA-006826 in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida (the "Underlying Action").[2]

11. The current operative pleading in the Underlying Action is Plaintiffs' First Amended Class Action Complaint (the "Complaint"). A true and

---

[2] There is an additional named plaintiff, as well as additional named defendants, in the Underlying Action. However, said additional parties are not interested parties to the subject matter of this action.

correct copy of the Complaint is attached hereto and made a part hereof as Exhibit "B".

12. In the Complaint FOSTER alleges, among other things, that:

- The "Angler's Green Class Area" is the Angler's Green community located in Mulberry, Polk County, Florida. (Par. 4)

- FOSTER seeks damages against CHC VI "which is the current owner and possessor of Angler's Green Class Area for leasing defective lots to Angler's Green Class Members..." (Par. 5)

- "[FOSTER] and the Angler's Green Class Members have been exposed to hazardous substances, including, but not limited to, gamma radiation, released as a result of Mosaic's conduct in its phosphate mining operations, its polluting of and waste disposal on the mined lands, and its incomplete remediation of such mined lands, including for the ultimate use as residential real estate in the Angler's Green Class Area". (Par. 7)

- "[FOSTER] and the Angler's Green Class Members' properties have been damaged due to the presence of hazardous conditions, including radiation and other pollutants, on, in and around their properties resulting in the need for cleanup and remediation." (Par. 10)

- "[T]he presence of radioactive contamination and hazardous substances on the… properties presents a significant health risk to those living and working in, on, and around these properties" (Par. 14)

- CHC VI "wholly failed to disclose and warn [FOSTER] and the Angler's Green Class Members that the lots that they lease and upon which their homes sit are on formerly mined lands that were not properly remediated" (Par. 30, p. 9[3])

- "The presence of elevated levels of radiation… has posed, poses, and will continue to damage… properties in the Angler's Green Class Area… and poses a significant health threat to the residents…" (Par. 38)

- CHC VI "currently owns, controls, and possesses the Angler's Green Community in Polk County, Florida… [CHC VI] currently charges tenants land dues at a rate of approximately $500 per month." (Par. 51)

- FOSTER "incurred damages as a result of Mosaic's polluting and contamination of their property… and [CHC VI] failed to warn and disclose all of this to" FOSTER. (Par. 56)

---

[3] The Complaint has two different paragraphs 29 through 31.

- CHC VI did not notify FOSTER "of the significantly elevated cancer risks posed by the presence of gamma radiation and other contaminants…" (Par. 105)

- CHC VI had knowledge of the serious health and environmental risks associated with "radioactive waste" on the Angler's Green Class Area and, despite such knowledge, "failed to properly remediate such radiation". (Pars. 122 and 128)

- All of the causes of action against CHC VI incorporate the allegations referenced above. (Par. 164)

- In Count IX (against CHC VI) FOSTER alleges damages including "significant property damage, impairment of their property, improperly inflated dues, expenses, loss of value to their property and the loss of the use and enjoyment of their property and exposure to radiation leading to an increased risk of serious latent injury/illness and the need for medical monitoring". (Par. 257)

- In Count X (against CHC VI) FOSTER alleges damages including "diminution in value, the value between what was promised and what was delivered, out of pocket losses, benefit of the bargain losses, and/or the total price paid for a valueless good or service, the need for medical monitoring". (Par. 270)

- In Count XI (against CHC VI) FOSTER seek damages for "property damage, including diminution of property values, lost use and enjoyment, improperly inflated rent expenses, the cost of remediation of properties" (Par. 281), as well as "the cost of periodic medical examinations necessary to detect the onset of physical harm that may be caused by radioactive contaminants". (Par. 282)

- In Count XII (against CHC VI) FOSTER alleges that because of "exposure to hazardous substances, including but not limited to, gamma radiation and radioactive materials at greater than background levels, [FOSTER has] a significantly increased risk of contracting serious latent diseases…" (Par. 285) and therefore request that CHC VI be required to fund "an appropriate medical monitoring plan". (Par. 287)

- FOSTER seeks a judgment against CHC VI which, among other things, includes an award of punitive damages. (Pg. 83)

13. In connection with the Underlying Action AUTO-OWNERS is providing a defense to CHC VI. However, as a matter of law, AUTO-OWNERS' provision of said defense does not estop it from raising coverage issues, both as to defense and indemnity. Furthermore, prior to filing this action, AUTO-OWNERS informed CHC VI that it questions whether there is any coverage for

the Underlying Action, including by letter to CHC VI (via its counsel) dated April 13, 2023, a true and correct copy of which is attached hereto and made a part hereof as Exhibit "C".

14. Without waiving any other potentially relevant terms and conditions of the Policy, in support of the relief requested herein AUTO-OWNERS advances the Insuring Agreement of the Policy, including the definitions of "you", "bodily injury", "occurrence", "property damage" and "suit", as well as "pollutants" (if applicable).

15. In addition, the Policy includes various exclusions, including Exclusions f. and j. which, in pertinent part, provide:

> **f.** (1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants:
>
> (a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured…
>
> **j.** "Property damage" to:
>
> (1) Property you own, rent or occupy…

16. Defendants contend that AUTO-OWNERS' obligations pursuant to the Policy apply to the Underlying Action.

17. AUTO-OWNERS, on the other hand, contends that the Underlying Action does not fall within the general coverage grant of the Policy (*i.e.* does not

fall within the Insuring Agreement) and/or coverage is entirely precluded by the above-referenced exclusions, individually or cumulatively.[4]

18.　As such, a genuine dispute exists between the parties as to whether AUTO-OWNERS provides coverage, and there is therefore a present controversy between the parties as to this issue.  Because of the present controversy, AUTO-OWNERS is in need of declaratory relief and is without an adequate, certain, prompt or complete remedy that would be as efficient to attain the ends of justice in its prompt administration as would the relief requested herein.

19.　As there is a bona fide, present, and practical need for a declaration of rights between the parties, and as such a declaration deals with present, ascertainable facts in controversy, and as the parties to this action have a present and adverse interest in the subject matter hereof, AUTO-OWNERS respectfully seeks this Court's declaratory judgment as to its rights, duties, and obligations under the Policy related to or arising from to the Underlying Action.

**WHEREFORE**, AUTO-OWNERS respectfully requests that this Honorable Court declare that there is no coverage for CHC VI under the Policy for defense and/or indemnity, in whole or in part, for the Underlying Action and further requests costs of this action and such other and further relief deemed appropriate by this Court.

---

[4] AUTO-OWNERS also contends that, even if otherwise falling within the coverage of the Policy, Florida public policy prohibits coverage for punitive damages.

Dated this 10th day of August, 2023.

                                               CAMPBELL TROHN
                                               TAMAYO & ARANDA, P.A.

                                               */s/ William S. Chambers IV*
                                               _____
                                               WILLIAM S. CHAMBERS, IV
                                               Florida Bar No. 29793
                                               B.Chambers@cttalaw.com
                                               J.Bintliff@cttalaw.com
                                               P.O. Box 2369
                                               Lakeland, FL  33806-2369
                                               (863) 686-0043
                                               (863) 616-1445 (fax)
                                               Attorney for AUTO-OWNERS